UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN D. GAMBRELL,

    Plaintiff,

    v.    Case No. 15-C-1146

BROWN COUNTY JAIL HEALTH SERVICES,

    Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 2) AND SCREENING PLAINTIFF'S COMPLAINT

Plaintiff, Damien D. Gambrell, an inmate at the Brown County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983. At this time, this matter is before the court on plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the complaint, as plaintiff has been assessed and has paid an initial partial filing fee of $85.46.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On August 7, 2015, plaintiff contacted Brown County Jail's Health Services Unit and informed them that he had allergies to nuts, eggs, fish, peas, carrots, and broccoli. Plaintiff also told health services that he was underweight and requested a double protein diet.[1]

Medical staff finally saw plaintiff on August 26, 2015, at which time a nurse calculated plaintiff's body mass index (BMI), said plaintiff was average weight, and denied his request for double protein. The nurse had plaintiff's allergy list and drew blood to test for the allergies, but declined to alter plaintiff's diet at that time. She said she could not properly interpret the results. When plaintiff filed this action he was still being served foods from his allergy list.

On September 9, 2015, plaintiff talked to another inmate (Lance Jones) and found out that Jones was receiving double portions for an underweight BMI. Jones is the same height as plaintiff and four pounds heavier.

Plaintiff suggests that the medical staff at the Brown County Jail failed to provide him with adequate nutrition and adequate medical treatment. For two months, plaintiff was "forced to eat either foods [he is] allergic to or canteen to supplement the lack of foods here [he] cannot eat." (Complaint at 4). Plaintiff cites inmate Jones' double portions as evidence that the nursing staff showed prejudice when it denied his request for double

---

[1] Plaintiff uses double protein and double portion interchangeably throughout his complaint. Although they might be slightly different, the inconsistency is not important because it is clear plaintiff seeks a special diet.

3

protein portions of food. He also suggests that the Jail could have gotten his medical file from Wisconsin Department of Corrections to confirm his allergies.

The only defendant plaintiff names is "Brown County Jail Health Services," but neither the jail nor its health services unit are suable entities under § 1983. *See Whiting v. Marathon County Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004). They are not legal entities separate from the county government and therefore are not subject to suit. *See id.*

The court will provide plaintiff with the opportunity to amend his complaint to make allegations against individual employees or Brown County. However, the court notes that only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). If plaintiff does not know the names of the individuals involved, he may identify them in the complaint as John Does and Jane Does and afterward use discovery to determine their names.

Similarly, plaintiff may bring a claim against Brown County if the denial of a double protein diet or the failure to accommodate his allergies resulted from a custom or policy of Brown County. "A municipality may be liable for harm to persons incarcerated under its authority if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners. Municipal liability under § 1983 is appropriate only when the policy in question is the direct cause or moving force behind a constitutional violation." *Hunter v. Amin*, 583 F.3d 486 (7th Cir. 2009) (internal citations and quotations omitted).

4

If plaintiff wants to proceed in this case, he must file an amended complaint stating his claims against suable defendants, either individuals or Brown County. The amended complaint must be filed on or before **December 4, 2015**. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint within this time period will result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.

IT IS FURTHER ORDERED that on or before **December 4, 2015**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein. The court will provide plaintiff with the court's § 1983 complaint form to use for his amended complaint.

IT IS FURTHER ORDERED that the Brown County Sheriff shall collect from plaintiff's prisoner trust account the $264.54 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding

5

payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that a copy of this order be sent to the Brown County Sheriff.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2015.

>BY THE COURT
>
>/s/ C. N. Clevert, Jr.
>C. N. CLEVERT, JR.
>U.S. District Judge