# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMIEN D. GAMBRELL,

                        Plaintiff,

v.

ERICA WEICHART,

                        Defendant.

Case No. 15-CV-1146-JPS

**ORDER**

## 1. INTRODUCTION

On November 21, 2016, Defendant Erica Weichart ("Weichart") filed a motion for summary judgment. (Docket #47).[1] Plaintiff Damien D. Gambrell ("Gambrell") submitted a response on January 9, 2017. (Docket #56). Weichart replied in support of her motion on January 24, 2017. (Docket #59). This case was reassigned to this branch of the Court on March 15, 2017. For the reasons explained below, Weichart's motion must be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides the mechanism for seeking summary judgment. Rule 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts

---

[1] Weichart's motion reflects the correct spelling of her last name. The Court has updated the caption of this case to match.

and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

**3.    FACTS**

   **3.1    Gambrell's Failure to Dispute Any Facts**

Gambrell has been informed of the requirements of the Federal and Local Rules regarding summary judgment at least twice; by attachments to District Judge Charles N. Clevert's July 21, 2016 scheduling order, and by Weichart's own summary judgment motion. (Docket #33 and #47). He has chosen to ignore those rules by failing to even attempt a dispute of any of Weichart's proffered facts. Instead, he merely offers various statements in his responsive brief and a collection of exhibits, none of which are connected to any discrete statement of fact or response thereto. These infirmities cannot be overlooked.

Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer; the Court cannot and will not delve through Gambrell's submissions in this case to craft a response to Weichart's statements of fact on his behalf. Indeed:

> A district court is not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). And a mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. *Edward E. Gillen Co.*

> v. City of Lake Forest, 3 F.3d 192, 196 (7th Cir. 1993). In short, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Smith's summary-judgment materials were woefully deficient in either responding adequately to the defendants' statement or in setting forth additional facts with appropriate citations to the record. As such, Smith's purportedly good intentions aside, the district court did not abuse its discretion in deeming admitted and only considering the defendants' statement of material facts.

*Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). This Court would offer a similar analogy: it is not an archaeologist, made to sift through Gambrell's filings hoping to piece together clues to the evidence behind his legal positions.

Like *Smith*, no matter Gambrell's intentions, his utter failure to comply with the rules of procedure means that the Court has no choice but to deem Weichart's facts undisputed for purposes of deciding the motion. Fed. R. Civ. P. 56(e)(2). The Court will still consider his legal brief, to the extent it could be of any value in light of the undisputed facts.

### 3.2  Relevant Facts

The facts relevant to the Court's instant determination are brief. Gambrell was incarcerated in Brown County Jail (the "Jail") from August 2015 to May 2016.[2] He claims that during his stay, his food allergies were not appropriately addressed by Jail medical staff. With respect to Weichart, Gambrell was allowed to proceed on a claim of deliberate indifference to his

---

[2] Given that they are undisputed, the Court's factual summary is drawn exclusively from Weichart's statement of facts unless otherwise noted. (Docket #49).

Page 3 of 9

Case 2:15-cv-01146-JPS   Filed 03/30/17   Page 3 of 9   Document 64

food allergy condition. Weichart now admits that Gambrell does have food allergies.

Weichart is a registered nurse employed by Correctional Healthcare Companies, which contracted with the Jail to provide healthcare to its inmates. Her first interaction with Gambrell occurred on August 7, 2015. Gambrell filed a request for double portions of food due to his allergies. On August 10, Weichart sent him some medical record release forms so that it could be determined whether he did indeed have food allergies. He completed the forms, and the medical records were received on August 13, revealing that Gambrell had minor allergies to a few food groups, including peanuts and green peas. *See* (Docket #50-1 at 16-30).

Gambrell was weighed for the first time at the Jail on August 26. His weight, 134 pounds, was on the borderline between normal and underweight, but the nurse taking the reading (not Weichart) determined that no immediate action needed to be taken. He was subsequently weighed five additional times, and his weight never dropped below that initial figure. Rather, he *gained* eight pounds between his first weighing and his last, on March 14, 2016.

On September 15, 2015, Gambrell again asked why he was not receiving double portions. Weichart responded that he was gaining weight without double portions, and that the Jail physician did not believe they were necessary. Nevertheless, the September request prompted Jail staff to obtain more medical records from his previous institution, Dodge Correctional Facility. Those records provided additional information on Gambrell's food allergies, and he was consequently put on a modified diet. At no point during his incarceration at the Jail did Weichart believe that Gambrell was suffering

from malnourishment or weight loss, and he never displayed any physical symptoms of malnutrition.[3]

## 4. ANALYSIS

Weichart seeks summary judgment on Gambrell's sole claim against her for her alleged deliberate indifference to his food allergies. (Docket #47 and #48). To state a claim for a violation of constitutional rights pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Weichart has not disputed that she acted under the color of state law. *See* (Docket #48 at 3). She does, however, argue that she did not violate Gambrell's Eighth Amendment right to be free from "deliberately indifferent" medical care.

The *Gayton* court outlined the law of a "deliberate indifference" claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating

---

[3]In his brief, Gambrell asserts that Weichart also responded to a grievance he filed on August 19, 2015. (Docket #56 at 3). He claims that she made a "one minute investigation" of the grievance and failed to note the existence or import of the medical records which had been received on August 13. *Id.* Weichart denies that she had any interactions with Gambrell beyond the two described above, and attributes the August 19 grievance response to another nurse. (Docket #48 at 9). The Court is no expert in assessing grievance forms, but the one provided by Gambrell as an exhibit to his response suggests that his version of events may be correct. *See* (Docket #56-1 at 3). Nevertheless, he failed to follow the rules on summary judgment procedure which would have given Weichart an opportunity to directly address the import of the document. Further, the Court's ruling below does not rely on the outcome of this dispute.

[him]; and (3) this indifference caused [him] some injury. An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.

With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citations and quotations omitted). Gambrell has not presented evidence sufficient to support a jury finding in his favor as to either of the first two elements.

Prisoner have a right to receive "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (internal quotation marks omitted). The Seventh Circuit Court of Appeals has not had occasion to address a deliberate indifference claim based on food allergies. District courts

in this Circuit, however, have found food allergies to be sufficiently serious when the prisoner shows substantial physical symptoms stemming from allergic reactions. *See Burnett v. Grounds*, No. 14-CV-824, 2014 WL 3908123, at *2 (S.D. Ill. Aug. 11, 2014) (at screening stage, prisoner allowed to proceed on food allergy claim when he alleged that the allergies caused his health to deteriorate and resulted in pain); *Williams v. Horvey*, No. 14-CV-1289, 2014 WL 6657703, at *3 (S.D. Ill. Nov. 24, 2014) (similar, except that prisoner alleged serious allergic reactions causing hives, throat swelling, itching, difficulty breathing, and vomiting). Courts in other circuits hold that the prisoner must show more than "[m]ere dissatisfaction with the variety, portion size or savor of his prison diet," but must similarly establish symptoms such as health problems or weight loss. *Escalante v. Huffman*, No. 7:10-CV-211, 2011 WL 3107751, at *9 (W.D. Va. July 26, 2011) (prisoner lost 34 pounds over the course of a year); *see Kemp v. Drago*, No. 1:12-1481, 2013 WL 4874972, at *5-6 (D. S.C. Sept. 11, 2013) (prisoner's weight loss, stomach pain, rash, and hemorrhoids were not sufficiently serious because they were not "urgent medical problems requiring immediate or emergency care," and further that his "weight loss was not medically significant and that he has never been malnourished.").

The undisputed facts show that Gambrell has suffered no symptoms of his allergies which rose to the level of a "serious medical need." He has never shown symptoms of malnourishment or weight loss and offers no suggestion that he suffered any other allergy-related conditions. *See generally* (Docket #56). Rather, he simply complains that he was undernourished. *Id.* at 2. As noted above, Gambrell in fact gained weight at the Jail. Gambrell

Page 7 of 9

Case 2:15-cv-01146-JPS   Filed 03/30/17   Page 7 of 9   Document 64

responds that the weight gain arose from December 2015 to February 2016 while he was in a work-release program wherein he did not eat Jail food. *Id.* at 5. He states that his weight began to decline again after returning to the Jail. *Id.* at 6. Even assuming these facts had been properly presented in accordance with the rules of summary judgment procedure, they do not account for his regular weigh-ins, which show that his weight barely fluctuated while in the Jail. *See* (Docket #50-1 at 1). Gambrell's complaints, then, are not based on demonstrable symptoms, but instead "[m]ere dissatisfaction with the variety, portion size or savor of his prison diet." *Escalante*, 2011 WL 3107751, at *9. This falls well short of a "serious medical need" which implicates constitutional protections.

For similar reasons, Weichart has also shown that she was not deliberately indifferent to Gambrell's food allergies. She avers that although Gambrell does have food allergies, she never believed that he suffered from malnourishment, weight loss, or any other negative effects of his allergies. (Docket #50 at 4). This defeats the subjective component of the deliberate indifference inquiry; Weichart was not "aware of facts from which the inference could be drawn" that Gambrell was at risk of malnourishment. *Gayton*, 593 F.3d at 620.

5. **CONCLUSION**

The Constitution is concerned with ensuring that prisoners are afforded "the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). While Gambrell's alleged reduced calorie intake may not have been pleasant, Weichart's conduct does not reveal her deliberate indifference to any serious

Page 8 of 9

Case 2:15-cv-01146-JPS    Filed 03/30/17    Page 8 of 9    Document 64

medical need. The Court must therefore grant Weichart's motion for summary judgment and dismiss this matter with prejudice.

Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (Docket #47) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge